**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTONIO T. MARTIN,**

    Petitioner,

vs.                                                      Case No. 4:06cv433-MP/WCS

**JAMES McDONOUGH,**

    Respondent.

    _____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS § 2254 PETITION

    Petitioner filed a 28 U.S.C. § 2254 petition with supporting exhibits. Doc. 1. Respondent filed a motion to dismiss the petition as it raises claims which have not yet been exhausted in state court. Doc. 12. Respondent separately filed exhibits in support, doc. 13, and references to exhibits are to those filed by Respondent unless otherwise noted.

    Petitioner filed a reply (titled as a motion to reply), and a motion for relief from judgment or order pursuant to Fed.R.Civ.P. 60(b). Docs. 14 and 15. The certificates of service on these documents reflect improper service on the clerk rather than opposing counsel. Doc. 14, p. 2; doc. 15, p. 2. *See* Local Rule 5.1(D) (the certificate of service

should certify that a copy was served on all other parties who entered an appearance). Copies will be sent to counsel by separate order. Petitioner is advised that future documents which do not contain a certificate of service upon opposing counsel will not be considered by the court.

In the motion to dismiss, Respondent claims that Petitioner still has time to file a Fla.R.Crim.P. 3.850 motion (to vacate) in the trial court and a Fla.App.P. 9.141(c) motion (for belated appeal or alleging ineffective assistance of counsel on appeal) in the appellate court. Doc. 12, pp. 5-9. Petitioner responds that circumstances render the process available in state court ineffective to protect his rights under § 2254(b)(1)(ii). Doc. 14, pp. 1-2. He does not contend that he has exhausted the remedies suggested by Respondent or show why the available state process would be ineffective.

In his Rule 60(b) motion, Petitioner restates the allegations from his § 2254 petition and claims he is being illegally detained. Doc. 15, pp. 1-2. Judgment has not been entered in this case, and Petitioner is clearly challenging the state court judgment as challenged in the § 2254 petition. FED. R. CIV. P. 60 does not afford relief even from a federal criminal judgment,. *Cf.* United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (even in a federal criminal case, "Rule 60(b) simply does not provide for relief from judgment in a criminal case."); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi). The Rule 60 motion is more in the nature of a request to expedite a ruling, however, and is mooted by this recommendation on the motion to dismiss.

The underlying factual allegation supporting grounds one through four of the § 2254 petition is that Petitioner was wearing a grey T-shirt bearing an "Ecko" logo, not a

grey shirt bearing a "Tampa Buccaneers" logo, at the time of his arrest.[1]  Petitioner does not provide *any* description of these "logos;" nor, more importantly, does he describe (aside from the color and "Ecko logo") the shirt he was wearing at the time of his arrest. Depending on the size and placement of a design, and the nature of the image itself (a graphic as opposed to a company name or initials, a similar as opposed to contrasting color), one "logo" might be so distinct that it could not possibly be confused with something else.[2]  This finding, or a finding that confusing one for another was reasonable, would have to be based on facts which have not been alleged here and were not alleged in state court.

At sentencing, when asked if he had anything to say, Petitioner told the court his wish "that every minute detail, piece of evidence in my case would have been heard.  I mean, just everything."  Ex. K, p. 197.  The court thought "the evidence was pretty clear-cut.  But if you think there is something I need to know, you had better tell me

---

[1] Petitioner claims his conviction was obtained by the knowing use of perjured testimony about the shirt, and the suppression of material evidence (the actual shirt, held in the property room of the jail) favorable to the defense.  Doc. 1, p. 4 and attached p. 1 (pp. 4 and 7 in ECF) (ground one).  He claims denial of a full and fair hearing on the suppression of this favorable evidence.  *Id.* (ground two).  He claims denial of due process in the state court hearing because he specifically told the sentencing judge, to no avail, that he could produce this evidence, which would cure its suppression, impeach the perjured testimony, and show a conspiracy by the police.  *Id.*, p. 5 and attached p. 1 (pp. 5 and 7 in ECF) (ground three).  He claims that evidence regarding his shirt was not developed at the state court hearing.  *Id.*, p. 5 (ground four).

[2] For example, a brief search on the internet reveals that Eckō is a brand of clothing using an outline of a rhinoceros as a commercial symbol, and the Tampa Bay Buccaneers is a football team which uses a pirate flag as a commercial symbol. *Compare* www.ecko.com with www.buccaneers.com.  But there could be dozens of T-shirt designs for these companies.

Case No. 4:06cv433-MP/WCS

now." *Id.* Petitioner said he felt he had been "railroaded," and "there wasn't enough time for my lawyer to adequately investigate or whatever." *Id.* He continued:

> But not to go over that, you know, there is also other issues like evidence that wasn't brought up in my trial today that I would have loved to present, would have liked to present, the opportunity to present for the jury. Because I know that if the evidence would have been presented, then this case, this trial would not have turned out this way.
>
> \* \* \*
>
> My clothes, the clothes that I had on at the time, the fact that they address – they addressed me as the person who committed this crime, but they – and they addressed me wearing a certain type of clothing, and addressed me as having it on, but they didn't present it to prove that that wasn't me.
>
> Because I can sit here today and guarantee you, which I will come back on appeal and prove that that shirt that he said had Buccaneers on the back of it was not me. It will prove that that wasn't me. And I have my shirt in my property right now to prove that it doesn't say Buccaneers. I mean, in light of that . . . I rest my case.

*Id.*, pp. 197-198. Aside from *not* "say[ing] Buccaneers," Petitioner did not tell the trial court what *was* on his shirt, or otherwise describe what he was wearing at the time of arrest.

On appeal, counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Petitioner filed a pro se brief. Exs. O and P. Petitioner at that time made the allegation (and the arguments based that allegation) that he was wearing a grey shirt with an Ecko logo rather than a grey shirt with a Tampa Buccaneers logo at the time of his arrest. Ex. P, pp. 5-8. The judgment was per curiam affirmed without any analysis. Exs. Q (opinion filed April 25, 2006) and R (mandate issued May 23, 2006).

Respondent asserts that the first four grounds of the petition, construed as raising violations of Giglio or Brady,[3] or the Sixth Amendment right to effective assistance of counsel, would be cognizable in a FLA. R. CRIM. P. 3.850 motion.  Doc. 12, p. 6 and nn. 2-3.  Respondent claims that "Petitioner's unsworn comments at his sentencing hearing, (Ex. K 197-98), and the subsequent arguments in his pro se initial brief of direct appeal, (Ex. P), were not sufficient to exhaust the first four grounds of his petition."  Doc. 12, p. 7.  Respondent cites no legal authority in support.

Respondent asserts that Petitioner's ground five would be cognizable either by a Rule 3.850 motion or by a Rule 9.141(c) motion claiming ineffective assistance of appellate counsel.  Id., pp. 6-7.[4]  Respondent asserts that Petitioner's "motion to cause trial court records to speak the truth" did not exhaust this claim, as it "only sought to have the record on appeal corrected," and, as the court noted in denying the motion,

---

[3] As established in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the prosecution's suppression of material evidence – whether exculpatory or impeachment – favorable to the defense violates due process.  "*Giglio* error is a species of *Brady* error that occurs when 'the undisclosed evidence demonstrates that the prosecution's case included perjured testimony and that the prosecution knew, or should have known, of the perjury."  Ventura v. Att'y General, 419 F.3d 1269, 1276-77 (11th Cir. 2005), *discussing* Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (other citation omitted).  *See also* Grossman v. McDonough, 466 F.3d 1325, 1342, n. 14 (11th Cir. 2006), *cert. denied,* __ S.Ct. __, 2007 WL 812111 (May 21, 2007) (quoting this language from Ventura, also noting that the materiality standard is less stringent under Giglio than Brady).  This does not seem to be an issue of the prosecution suppressing evidence, however.  Petitioner was clearly aware of what he was wearing, and presumably counsel could have obtained the shirt for use at trial upon request.

[4] In ground five, Petitioner asserts denial of an accurate trial transcript in violation of his right to appeal and in violation of due process.  Doc. 1, attached p. 2 (p. 8 in ECF).

Petitioner's direct appeal was already final.  *Id.*, p. 7.  The motion was filed on August 2, 2006, months after the mandate had issued on appeal.

A § 2254 petition may not be granted unless the applicant has exhausted available state remedies, unless there is an absence of available state remedies or circumstances render the process ineffective to protect the applicant's rights.  § 2254(b)(1).  On the other hand, a petition may be denied on the merits notwithstanding the lack of exhaustion.  § 2254(b)(2).  A petitioner has not exhausted remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  *See also* O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court," citing § § 2254(b)(1) and (c)).  To exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  526 U.S. at 845, 119 S.Ct. at 1732.  "Boerckel applies to the state collateral review process as well as the direct appeal process."  Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004); Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).

There are still procedures available in the Florida courts by which Petitioner may raise his claims.  Though he attempted to raise the "Ecko logo" claims on appeal, the facts supporting this claim had not been alleged or developed in the trial court.  No motion or argument had been made on this until immediately before sentencing, when Petitioner claimed he could prove he was not wearing a Buccaneers shirt but did not allege what he was wearing.  Assuming the shirt could have been used as a basis for

impeaching the state's eyewitness, then it was up to counsel to use it. Assuming that the trial transcript was inaccurate, it was up to appellate counsel to raise this issue on appeal. If counsel acted unreasonably and prejudiced the outcome, then the proper constitutional claim is the denial of effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[5]

A claim of ineffective assistance of trial counsel must be raised by a Rule 3.850 motion in Florida. Bruno v. State, 807 So.2d 55, 63 and n. 14 (Fla. 2001) (citations omitted). The ineffectiveness of appellate counsel is raised by a Rule 9.141(c) motion filed in the appellate court. It is in the context of those proceedings that Petitioner should exhaust his claims and attempt to develop the factual basis for his claim as to trial counsel.[6] Under § 2254(e)(2), if petitioner fails to develop the factual basis for his claim in state court, this court will not hold an evidentiary hearing to determine the facts unless the claim is either based on a new rule of constitutional law or facts that could not have previously been discovered using due diligence, and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of

---

[5] Under Strickland, "[a] convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," and must also "affirmatively prove prejudice," *i.e.*, a "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 690, 693-694, 104 S.Ct. at 2066-68.

[6] It is not clear whether he would need to develop any facts as to appellate counsel; but if there are facts outside the record relevant to that claim, Petitioner must attempt to develop them in the state court in the context of a Rule 9.141 proceeding as well.

the underlying offense." § 2254(e)(2); *see also* Isaacs v. Head, 300 F.3d 1232, (11th Cir. 2002), *cert denied,* 538 U.S. 988 (2003) (the petitioner must have made a reasonable attempt to investigate and pursue claims in state court, finding the petitioner there was aware of the facts at least by the time of his direct appeal and was not entitled to discovery or an evidentiary hearing on his § 2254 petition) (citations omitted).

Any claim based on ineffective assistance of appellate counsel has not been exhausted and remedies remain available. The claims based on the shirt Petitioner was wearing have not been properly and fully exhausted, and remedies remain available for raising these claims. Further, if claims about the shirt *as raised in state court* could be considered exhausted, Petitioner has thus far failed to develop in state any factual basis for those claims, and would not be permitted to do so here. Particularly in light of the one year limitations period (noted ahead), the petition should be dismissed without prejudice at this time.

There is a one year time limit for filing a § 2254 petition which generally runs from the date on which the conviction became final. § 2244(d)(1)(A)-(D). Respondent correctly contends that Petitioner's conviction became final for purposes of the one year period on July 24, 2006, when the 90 days for filing a petition for writ of certiorari expired. Doc. 12, p. 8. The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2). The period is *not* tolled, however, for time during which a timely § 2254 petition (such as this one) is pending. § 2244(d)(2) (referring to "a properly filed application for *State* post-conviction or other collateral review," emphasis added); Duncan v. Walker, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001) (interpreting this language).

Assuming none of the time has been tolled since Petitioner's conviction became final on July 24, 2006,[7] then Petitioner **must act quickly** by filing a motion in the trial court (under Rule 3.850) or the appellate court (under Rule 9.141), which will toll the running of the one year period under § 2244(d)(2).  See Tinker v. Moore, 255 F.3d 1331, 1334-35 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) (though Rule 3.850 allows two years for filing, a Florida prisoner has to pursue the remedy in a manner leaving sufficient time for filing § 2254 petition within the one year period; "[w]e remind petitioners that a properly and timely filed petition in state court *only tolls the time remaining within the federal limitation period*.") (emphasis added).  Petitioner should pursue his remedy through the appeal process consistent with the "one complete round" requirement, noted above.  If relief is denied and Petitioner wants to pursue a § 2254 petition, he must file it immediately after the conclusion of his state proceedings since so much of the one year federal period of limitations has already run without tolling.  Petitioner has only two months remaining of the federal one year period, so – even if he files objections to this recommendation – he is well advised to begin preparing his state court filings on receipt of this recommendation, in the event this report and recommendation is adopted.  Petitioner again is advised that the pendency of *this* case has not tolled the federal one year period of limitations.

---

[7]   It does not appear (though it need not be decided at this juncture) that the motion for state records to speak the truth was "properly filed" because it pertained to the record on appeal, and was filed after the appeal was order and the judgment had been affirmed.

Case No. 4:06cv433-MP/WCS

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 12) be **GRANTED**, and the § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

**IN CHAMBERS** at Tallahassee, Florida, on May 29, 2007.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.