IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTONIO T. MARTIN,

    Petitioner,

v.                                CASE NO. 4:06-cv-00433-MP-WCS

JAMES McDONOUGH,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 17, Report and Recommendation of the Magistrate Judge, recommending that Respondent's Motion to Dismiss, Doc. 12, be granted, and that Petitioner Martin's Petition for Writ of Habeas Corpus , Doc. 1, be dismissed for failure to exhaust all available state-court remedies. The Magistrate Judge filed the Report and Recommendation on Tuesday, May 29, 2007. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has made.

Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2554. As the Magistrate notes, a § 2254 petition may not be granted unless the applicant has first exhausted the available state-court remedies. Because there are still procedures available in the Florida courts by which Petitioner may raise the claims presented in the instant petition, the Magistrate states that Petitioner has failed to fully exhaust his state-court remedies. In his objections, Petitioner repeats his claims that evidence relating to identification was withheld from his trial, and argues that this should suffice as a basis for invalidating his conviction. Because state-court

remedies remain available for Petitioner to raise these claims, the Court agrees with the Magistrate that they have not been properly and fully exhausted.  Although Petitioner argues that he meets the exhaustion requirement, as the Magistrate points out, Petitioner has failed to develop any factual basis for these claims in state court, and thus could not be permitted to do so in federal court.  If Petitioner seeks to file his petition again in federal court after exhausting his state-court remedies, he should read the Magistrate's discussion about the one-year limitations period for § 2254 petitions, and act promptly.

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 17, is adopted and incorporated by reference in this order.

2. Respondent's motion to dismiss, Doc. 12, is GRANTED, and the Petitioner's § 2254 petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust available state court remedies.

**DONE AND ORDERED** this   *21st* day of June, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge